RICHARD F. MORSE, II and IRENE K. MORSE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morse v. Commissioner
Docket No. 13105-78.
United States Tax Court
T.C. Memo 1981-402; 1981 Tax Ct. Memo LEXIS 339; 42 T.C.M. (CCH) 566; T.C.M. (RIA) 81402; August 5, 1981. Richard F. Morse, II, pro se. J. Mack Karesh, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency in petitioners' income tax in the amount of $ 1,573 for the taxable year 1976. The issues for decision are: (1) what is the fair market value of photographic equipment which petitioners donated to an educational institution; and (2) whether petitioners are entitled to a credit under section 39 [1] in excess of $ 30. *340 FINDINGS OF FACT Some of the facts have been stipulated. The stipulation and the exhibits attached thereto are incorporated herein by reference. At the time the petition in this case was filed, petitioners resided in Fayetteville, North Carolina. On June 10, 1976, petitioners made a charitable contribution of photographic equipment and supplies to Louisburg College, which is located in Louisburg, North Carolina. The contributed property was given to petitioner Richard F. Morse, II, ("petitioner") by his father in 1973. These materials, consisted of approximately 1100 items, and were between 20 and 80 years old. As a consequence of petitioners' donation, Louisburg College was able to accelerate the growth and development of its photography program; the college was able to add three new elective photography courses to its program. Further, the college converted a house it owned into a photography center. Much of the equipment used at that center, including at least 90 percent of reference library materials, was acquired from the petitioners. On their income tax return for 1976, petitioners claimed a deduction for charitable contributions in the amount of $ 7,645. *341 In the statutory notice of deficiency respondent disallowed all but $ 45 of that deduction for the reason that the fair market value of the contributed property had not been verified. On their income tax return for 1976, petitioners claimed a credit for gasoline, special fuels and lubricating oil in the amount of $ 39. ULTIMATE FINDINGS OF FACT The value of the photography equipment and materials at the time of petitioners' contribution was $ 1,500. OPINION The first issue for decision concerns the value of the property which petitioner contributed to Louisburg College. Generally, the amount of a charitable contribution is the fair market value of the property at the time the property is contributed. Section 1.170A-1(c), Income Tax Regs. The fair market value of contributed property is the price at which property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of the relevant facts. Section 1.170A-1(c)(2), Income Tax Regs. The fair market value of donated property is a factual question, Kaplan v. Commissioner, 43 T.C. 663 (1965) and petitioners bear *342 the burden of establishing such value. Section 1.170A-1(a)(2) and (c), Income Tax Regs.; Mathias v. Commissioner, 50 T.C. 994 (1968). On brief, respondent contends that petitioners have failed to demonstrate that the property had any fair market value. [2] At trial, petitioner testified as to the circumstances surrounding his acquisition and subsequent donation of the subject photographic materials. He also set forth the manner by which he affixed a value to each contributed item. Petitioner indicated that he had experience in photography, and that he had spoken to various individuals and real photography magazines to arrive at the respective figures for each item. We are not satisfied that petitioner has the training or the experience in the field of photography sufficient to qualify him as an expert appraiser of the materials in question. He received no formal training in this area; he has never been employed as an appraiser of this type of equipment nor has he ever been called as a witness to testify as to such matters. Petitioner also failed to *343 produce any of the individuals from Louisburg College who were responsible for handling the contributed materials. He similarly did not introduce any of the photography journals or magazines which he stated he used in arriving at his valuation figures. Nevertheless, it appears to us that these materials and equipment had some value. The college accepted these items and has used a significant portion of them in its photography center. Indeed, a letter from James L. Lanier, an employee of the college, stated that the equipment had enabled the college to add three new courses to its photography curriculum. So it is clear to us that the donated property was worth something. On the other hand, much of the equipment was old and technically outdated. In the absence of a specific demonstration of an antique value, we consider this to be a countervailing consideration as far as petitioners' cause is concerned. After reviewing all of the evidence in this case, we are forced to make what is essentially an approximation as to the value of the contributed property and, under Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), this approximation must bear heavily against *344 the taxpayer. Accordingly, we conclude that the value of the contributed equipment and materials at the time of the contribution was $ 1,500. The next issue for decision is whether respondent erred in limiting the section 39 credit which petitioners claimed to $ 30. Petitioners presented no evidence on this issue and respondent's determination thus must stand. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, except as otherwise specifically indicated.↩
2. This position is inconsistent with the determination of a $ 45 value in the deficiency notice.↩